**In re C. SCHMIDT TRUCKING, INC., Debtor.**

**EQUIPMENT LEASING, INC., Plaintiff,**

v.

**C. SCHMIDT TRUCKING, INC., Defendant.**

**Bankruptcy No. BK 87–40032.**

United States Bankruptcy Court, S.D. Illinois.

Aug. 3, 1987.

Douglas Antonik, Mt. Vernon, Ill., John Germeraad, Springfield, Ill., for plaintiff.

Ronald Stanley, Columbia, Ill., for defendant.

### MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on Equipment Leasing, Inc.'s ("Equipment Leasing") Petition for Payment of Administrative Claim. C. Schmidt Trucking, Inc. ("Schmidt Trucking") and Equipment Leasing entered into four separate "Lease Agreements" pursuant to which Schmidt

Trucking "leased" four different trailers from Equipment Leasing. Monthly payments under each Agreement were $500.00, although the number of payments varied (one Agreement provided for forty-two monthly payments of $500.00, while the other Agreements specified, respectively, nineteen, twenty-eight and twenty-four monthly payments.) The basic terms of each "leasing" arrangement were also embodied in four separate handwritten documents. These documents (referred to at the hearing as "side agreements") are written on Equipment Leasing invoices, and provide that if all payments are timely made, Schmidt Trucking may have title to the particular trailer for $100.00. (One of the documents does not expressly state that payments must be timely, but provides instead that title is to be transferred to Schmidt Trucking after all payments have been "made as scheduled.")

Equipment Leasing seeks to recover the "rental" due from the time the petition in this case was filed (January 16, 1987) until the time that the stay was lifted (June 24, 1987). Plaintiff also seeks to recover "rent" from the time the stay was lifted until the time that the trailers were actually recovered. In addition, plaintiff seeks $7,435.00 for the alleged damage to the trailers, as well as costs of repossession. Schmidt Trucking contends that the Agreements in this case are security agreements and not "true leases," and that Equipment Leasing's administrative claim should therefore be denied.

There are certain general principles that apply in determining whether a particular document is a lease or a security agreement. For example, "[a]lthough an agreement is denominated a lease, if the substantive provisions indicate it is in fact a sale, it will be deemed a sale. The parties cannot change the legal effect of an instrument simply by giving a name to it." *In re Loop Hospital Partnership*, 35 B.R. 929, 932 (Bankr.N.D.Ill.1983). "The instrument may disguise actual intentions and therefore it is important to analyze beyond the document's face." *Id.*

Section 1–201(37) of the Uniform Commercial Code establishes more specific standards for determining whether a lease is a "true lease" or a security agreement. That section provides, in pertinent part, as follows:

Whether a lease is intended as security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security.

Section 1–201(37) has been interpreted as requiring two basic elements for a security agreement to exist: "1) [T]he lessee must be obligated to make rental payments roughly equivalent to the leased property's cost plus interest, and 2) the lessor must lack a residual value in the leased property at the termination of the lease." *Id.* at 933. A finding that the lessor possesses no economically meaningful residual value in the property at the termination of the "lease" may be indicated "by the existence of a nominal option price roughly equivalent to the fair market value of the leased property at the end of the term ..." *Id.* If, however, "the parties anticipated that the property would have significant market value at the time the option to acquire would be exercised, the lessor has a residual value in the property and a lease is indicated." *Id.*

In the present case, the documents entitled "Lease Agreements" did not contain an option to purchase as described in section 1–201(37) of the Uniform Commercial Code. The "side agreements," however, expressly provided that if timely payments were made, Schmidt Trucking could have title to the trailers for $100.00, clearly a nominal sum. Schmidt Trucking contends that these "side agreements" are part of the "Lease Agreements," not separate contracts, and indicate that the parties actually intended to enter into a security agreement. The Court agrees. The Court spe-

cifically notes that the date on three of the "Lease Agreements" and the dates on the invoices, or "side agreements," are exactly the same. The other "Lease Agreement" is dated April 5, 1986, while the corresponding invoice is dated April 7, 1986, a difference of only two days. The identity in dates clearly suggests that the invoices were intended to be part of the agreement between the parties. Since the agreements contain a clause giving Schmidt Trucking the option to purchase the trailers for a nominal sum at the end of the "lease," the Court finds that the agreements are security agreements as defined by the Uniform Commercial Code.

Accordingly, for the reasons noted above, Equipment Leasing's Petition for Payment of Administrative Claim is denied.